# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

STATE OF WASHINGTON,

Respondent,

v.

NATHAN A. CHAVEZ,

Appellant.

No.  55702-9-II

UNPUBLISHED OPINION

PRICE, J. — Nathan A. Chavez appeals the exceptional sentence the superior court imposed following remand for resentencing.  Specifically, Chavez argues that the exceptional sentence is clearly excessive.  We affirm.

## FACTS

In June 2018, a jury found Chavez guilty of three counts of third degree rape of a child (counts I-III) and third degree child molestation (count IV) involving one victim, third degree rape of a child against another victim (count VI), and tampering with a witness (count VII).  The jury found the aggravating circumstance of abuse of a position of trust by special verdict on the first three counts of third degree rape.  Although Chavez had no prior criminal history, his offender score on the sex offenses was more than nine because his sex offenses were scored at three points each.  Former RCW 9.94A.525(17) (2017).

The trial court found that the jury's special verdict justified an exceptional sentence upward.  The trial court also found that concurrent sentences would result in some of Chavez's

crimes going unpunished. The trial court imposed an exceptional sentence, ordering that the sentences for counts I, VI, and VII be served consecutively. The trial court sentenced Chavez to 137 months of total confinement.

Chavez appealed, and this court reversed the jury's special verdict finding that Chavez abused a position of trust. *State v. Chavez*, No. 52358-2-II, slip op. at 27 (Wash. Ct. App. July 21, 2020) (unpublished).[1] However, this court affirmed the trial court's use of the "free crimes" aggravator. *Id.* at 32. This court remanded for resentencing because it was unclear whether the trial court would have imposed the same sentence based only on the free crimes aggravator. *Id.* at 33. This court explicitly stated that the superior court "may impose the same or a different sentence" at resentencing. *Id.*

At resentencing, the superior court found that "[a]s a consequence of his high offender score and commission of multiple current offenses, his fifth sex offense and his witness tampering convictions would go unpunished under a standard range sentence where all terms of imprisonment are served concurrently." Clerk's Papers at 32. Therefore, the superior court found that some of Chavez's offenses would go unpunished without imposition of an exceptional sentence. The superior court imposed the same sentence that it had originally imposed—selectively ordering the sentences for counts I, VI, and VII to be served consecutively, resulting in 137 months of total confinement.

Chavez appeals.

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2052358-2-II%20Unpublished%20Opinion.pdf

ANALYSIS

Chavez argues that the superior court's exceptional sentence is clearly excessive. Specifically, Chavez argues that his multiple offenses were already accounted for in calculating his offender score and "[a] sentence that is more than twice the standard range, not based on aggravating factors, and imposed because the trial court believes the sentencing scheme the legislature created is inadequate, is shocking." Appellant's Opening Br. at 6. Because the sentence imposed is not clearly excessive, we affirm.

We may review an exceptional sentence to determine whether the reasons for the exceptional sentence are supported by the record or whether the sentence is clearly excessive. RCW 9.94A.585(4). We review whether a sentence is clearly excessive for an abuse of discretion. *State v. Ritchie*, 126 Wn.2d 388, 393, 894 P.2d 1308 (1995). The superior court abuses its discretion when a sentence is based on untenable grounds or reasons or it is a decision no reasonable person would make. *Id.* If based on proper reasons, "we will find a sentence excessive only if its length, in light of the record, 'shocks the conscience.' " *State v. Kolesnik*, 146 Wn. App. 790, 805, 192 P.3d 937 (2008) (internal quotation marks omitted) (quoting *State v. Vaughn*, 83 Wn. App. 669, 681, 924 P.2d 27 (1996)), *review denied*, 165 Wn.2d 1050 (2009).

Here, Chavez's argument incorrectly conflates whether the free crimes aggravator was appropriately applied in this case with whether the imposed sentence is clearly excessive. This court already affirmed the application of the free crimes aggravator to Chavez's case, rejecting the exact argument Chavez is attempting to make here—that he was already punished for his other crimes because they resulted in triple points in his offender score. *Chavez*, slip op. at 30-31. And, with an explicit sanction from this court, the superior court appropriately utilized the free crimes

aggravator when it ran the sentences for some counts consecutively to account for all of Chavez's criminal conduct during resentencing.

Having concluded that the superior court based its decision on proper reasons, we are left with determining whether the length of the sentence shocks the conscience. It does not. Given the disturbing nature of Chavez's offenses against children, that these offenses were committed against multiple young victims, and the superior court's selective and deliberate imposition of consecutive sentences, the sentence imposed does not shock the conscience. Therefore, the sentence imposed by the superior court is not clearly excessive.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

WORSWICK, J.